IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-04022-GPG

CAMILO GUZMAN RENDON,

Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
NATHAN RASPER,[1] Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity,
DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity, and
TODD BLANCHE, Acting Attorney General, U.S. Department of Justice, in his official capacity,

Respondents.

---

**ORDER**

---

This matter comes before the Court upon Petitioner's Motion to Enforce Court Order and for Additional Habeas Relief (D. 14). The Court GRANTS the motion the following reasons.

On September 28, 2026, the Court ordered Respondents to provide Petitioner with a bond hearing under § 1226(a) at which Respondents bear the burden of proof of showing Petitioner's continued detention is proper and was proper at the time of Petitioner's arrest (D. 11). The Court further ordered that the hearing should be held within seven days, "unless Petitioner requests a continuance for the purpose of seeking new counsel," and ordered Respondents to file a status

[1] Substituted pursuant to Federal Rule of Civil Procedure 25(d).

report within five days of the bond hearing including as an attachment any warrant justifying Petitioner's detention at the time Petitioner was detained (*id*). On September 29, 2026, Petitioner received a bond hearing in front of an immigration judge (IJ) (D. 12). At that hearing, Petitioner requested a continuance to seek new counsel and gather evidence, as he had only been notified of the hearing the day before, and his counsel withdrew representation (*see* D. 14-1 at 2–4, 21). The IJ rejected Petitioner's request for a continuance, stating, "[i]t's not a matter of you not having evidence . . . It's that the facts are against you . . . It's not about how you can fix this with more evidence" (*id.* at 21). Neither the IJ nor the Government stated the applicable burden of proof during the hearing. The IJ said that "[i]t's the government's burden" but did not clarify exactly what the Government was required to prove and by why standard (D. 14-1 at 14). The IJ orally denied Petitioner bond (*id.* at 19–22) and later issued a written decision denying Petitioner bond on October 5, 2026, writing that "the Department has established both danger by clear and convincing evidence and risk of flight by a preponderance of the evidence" (D. 12-1 at 3).

Petitioner argues that the hearing failed to comply with the Court's Order because (1) the IJ refused his request for a continuance and incorrectly placed the burden of proof on Petitioner; (2) the IJ and the Government misstated his criminal conviction at the hearing, which the IJ relied on to deny bond; and (3) the IJ relied on categorical presumption of flight risk (D. 14). On October 29, 2026, the Court Ordered (D. 15) Respondents to file a response to Petitioner's Motion. On November 12, 2026, Respondents filed a response stating that they are "not submitting a brief in opposition" to Petitioner's motion and recognize "that the Court may then decide to grant the Motion and award appropriate relief" (D. 17).

Based on the transcript of the bond proceeding and the written decision, the Court finds, by at least a preponderance of the evidence standard, that Respondents failed to ensure that the IJ applied the correct burden, in violation of the Court's September 28 Order. First, during the proceeding, neither the IJ nor the Government ever stated on the record what the applicable burden was. As the Party detaining Petitioner and subject to this Court's Order, it was Respondent's obligation to ensure the Court's Order was followed, which included ensuring the correct burden was applied at the bond hearing. Second, the IJ's refusal to grant a continuance and comments around Petitioner's lack of evidence indicate that the IJ did not weigh Petitioner's evidence, which he had a right to present, and later relied on Petitioner's lack of evidence to justify denying bond in the written order. The IJ wrote that Petitioner's criminal conviction supported the finding of danger to community, relying on the fact that "the record contains no evidence demonstrating completion of treatment, counseling, rehabilitation, compliance with probation, or any other circumstances materially mitigating the risk reflected by the conviction" (D. 12-1 at 3).

Accordingly, pursuant to this Court's inherent authority to enforce its September 28, 2026, Order and Respondents' failure to oppose Petitioner's motion or provide a basis for denial, it is ORDERED that Petitioner shall be released from custody within 48 hours, and Respondents SHALL update this Court in writing upon Petitioner's release. *See United States v. Yelloweagle*, 643 F.3d 1275, 1284 (10th Cir. 2011) ("This court . . . will not craft a party's arguments for him." (quoting *Perry v. Woodward*, 199 F.3d 1126, 1141 (10th Cir. 1999))); *Santucci v. Commandant, United States Disciplinary Barracks,* 66 F.4th 844, 851 n.9 (10th Cir. 2023) ("[U]nder the party-presentation principle, we, not only will not, but 'cannot make arguments for [a party].'" (quoting *Yelloweagle,* 643 F.3d at 1284))).

Respondents are ENJOINED from arresting or detaining Petitioner unless and until a final order of removal issues[2] or from imposing conditions in excess of those already in place prior to Petitioner's arrest. The Court maintains jurisdiction to ensure compliance with all aspects of this Order. *See Phone Directories Co. v. Clark,* 209 F. App'x 808, 812 (10th Cir. 2006) ("It is well-established that a court retains ancillary jurisdiction over subsequent proceedings to enforce its own orders and judgments."); *Peacock v. Thomas,* 516 U.S. 349, 356 (1996) ("Without jurisdiction to enforce a judgment entered by a federal court, the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution.").

DATED November 13, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge

[2] Any request for relief from this Order shall be filed in this case as a Rule 60(b) motion.